**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUIS ANZURES-ORTEGA,

Petitioner,

v.

Case No. 2:26-cv-02853-MIS-JHR

WARDEN, Otero County Prison Facility; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Luis Anzures-Ortega's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 28, 2026. Petitioner seeks release from immigration detention or a review of the legality of his custody. The Respondents answered the Petition ("Response") on September 15, 2026.[1] ECF No. 8. Having reviewed the Parties' submissions, the record, and the applicable law, the Court determines that Petitioner is an alien seeking admission and subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further determines that his detention is not yet sufficiently prolonged as to

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

be punitive. The Court will therefore DENY Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, without prejudice, as set forth below.

## I. Background

Petitioner is a citizen of Mexico who became a lawful permanent resident on or about July 22, 1981. ECF No. 8-1. Since then, Petitioner has multiple convictions for driving while intoxicated and one conviction for having a false driver's license. ECF No. 8-2 through -6. In addition, Petitioner was also convicted of evading arrest in connection with a May 2019 conviction for driving while intoxicated. ECF No. 8-7. The total length of confinement for Petitioner's convictions exceeded 5 years. ECF No. 8-2 through -7.

On July 13, 2026, Petitioner applied for entry to the United States at the Paso Del Norte Port of Entry. ECF No. 8-1. Upon inspection, officials determined that Petitioner had multiple convictions and deemed him to be inadmissible pursuant to Section 212(a)(2)(B) of the Immigration and Nationality Act ("INA"). ECF No. 8-1; see also 8 U.S.C. § 1182(a)(2)(B). As a result, he was taken into custody and on July 15, 2026, was served with a Notice to Appear for removal proceedings. ECF No. 8-1. An Immigration Judge held a bond hearing on August 31, 2026.[2] ECF No. 8-8. As of the date of this Order, Petitioner's removal proceedings are pending, with the next hearing scheduled for October 6, 2026. See ECF No. 8-9; EOIR. He is currently confined at the Otero County Prison Facility in Chaparral, New Mexico. Pet. at 1.

The Petition omits much of these facts, stating only that Petitioner is challenging an immigration detention, that his detention is prolonged, and that Petitioner was not provided a pre-

---

[2] Respondents assert that the Immigration Judge determined the Petitioner to be a danger to the community based on his criminal record but do not attach any evidence to support that assertion.

deprivation bond hearing where there was an individualized determination as to whether he posed a flight risk or danger to the community. See generally ECF No. 1.

## II. Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

## III. Discussion

In arguing that he is entitled to a bond hearing, Petitioner implies that his detention is governed by 8 U.S.C. § 1226(a), which makes the detention of aliens within the United States discretionary. See also Santillan Quiroz v. Mullin, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)").

Under the INA, two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. See Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." Jennings v. Rodriguez, 583 U.S. 281, 302 (2018).

An alien lawfully admitted for permanent residence in the United States generally is not regarded as "seeking an admission" to the United States unless the alien falls into one of six exceptions. 8 U.S.C. § 1101(a)(13)(C). The exception relevant in this case is (v), which excepts aliens who have "committed an offense identified in section 1182(a)(2) of this title," unless having been granted relief. 8 U.S.C. § 1101(a)(130(C)(v). Section 1182(a)(2)(B) makes inadmissible an alien who has been convicted of 2 or more offenses (other than purely political offenses) . . . for which the aggregate sentences to confinement were 5 years or more." Thus, Petitioner, having been convicted of at least six offenses for which the aggregate sentence to confinement exceeded 5 years, was an alien seeking admission into the United States when he presented at the Paso Del Norte Port of Entry, where he was detained. See Vazquez Romero v. Garland, 999 F.3d 656, 660 (9th Cir. 2021) (applying § 1183(a)(13)(C)(v) to find a lawful permanent resident convicted of a crime of moral turpitude as an alien seeking admission). The Court therefore finds that Petitioner was an alien seeking admission to the United States under § 1225(b)(2)(A), and §1225(b) requires mandatory detention without entitlement to a bond hearing.[3]

Petitioner also argues, without factual detail, that his prolonged detention violates his Fifth Amendment Due Process rights. Pet. at 6. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy and, even construing his petition liberally, he has offered no factual support for his assertion that his detention is so prolonged that it violates his Fifth Amendment due process rights. See 28 U.S.C. § 2241; Odell v. Hudspeth, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations.") In any event, Petitioner has been detained for less than 90 days and thus has not yet been subjected

[3] The Court notes that even if Petitioner were subject to the detention procedure set forth in 8 U.S.C. § 1226, the evidence shows that he did have a bond hearing.

to the type of prolonged detention determined to be punitive rather than regulatory. See Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); Maldonado v. Macias, 150 F. Supp. 3d 788, 804-05 (W.D. Tex. 2015) (concluding that detention under Section 1225(b) is subject to a reasonable time limitation) (collecting cases).

Accordingly, it is **HEREBY ORDERED** that Petitioner Luis Anzures-Ortega's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE